UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER KENNETH DOAK,

    Plaintiff,

v.                                        Case No. 3:21-cv-758-MMH-PDB

ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report & Recommendation (Doc. 31; Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on August 5, 2022. In the Report, Judge Barksdale recommends that the Commissioner's decision be affirmed. See Report at 12. On August 20, 2022, Plaintiff Christopher Kenneth Doak filed objections to the Report, see Objection to Magistrate's Report and Recommendations (Doc. 32; Objections), and on September 2, 2022, Defendant filed a response to the Objections, see Commissioner's Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 33). Thus, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1.[1]  As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice.  See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so.  See Report at 12-13.

In the Objections, Plaintiff simply reargues the contentions addressed by the Magistrate Judge and expresses his disagreement with the recommended resolution. See Objections at 1 ("In [the Report], Magistrate Judge Barksdale finds that 'the RFC is supported by substantial evidence' and 'the ALJ properly evaluated Dr. Arce's opinions.' Plaintiff disagrees."); see id. at 5 ("Plaintiff disagrees with the Magistrate[ Judge's] conclusions and respectfully requests this Court reverse the decision of the ALJ and remand the case for further administrative proceedings."). Although Plaintiff generally disagrees with the Magistrate Judge's conclusions, he has failed to identify any factual or legal error in the Report.

In reiterating his argument that "[t]he limitations created an apparent conflict that was not resolved via the VE's testimony," see Objections at 2, Plaintiff continues to ignore the record, as well as the Magistrate Judge's finding that, "[t]he ALJ [] explicitly asked the VE about jobs for a hypothetical person capable of light work with specific additional limitations, including that he could 'only occasionally' balance." Report at 9 (citing Tr. 63). Regarding whether the ALJ failed to comply with the governing regulations in evaluating Dr. Arce's medical opinion, Plaintiff repeats the arguments presented to the Magistrate Judge and additionally cites to McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986). In McCruter, however, the Court found that the ALJ only could have reached his ultimate conclusion that the applicant was not

disabled by "ignoring the objective medical evidence regarding her physical condition and also the evidence of the government's vocational expert, that a person with applicant's infirmities could do only sedentary work." Id. Plaintiff's citation to McCruter is unavailing. Here, the ALJ did not ignore the objective medical evidence, instead, as determined by the Magistrate Judge, the ALJ adequately explained his evaluation that a treating provider's medical opinion was inconsistent with the record as a whole. Upon independent review of the file and for the reasons stated in Judge Barksdale's Report, the Court will overrule the Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby

**ORDERED:**

1. The objections set forth in Plaintiff's Objection to Magistrate's Report and Recommendations (Doc. 32) are **OVERRULED**.

2. The Magistrate Judge's Report & Recommendation (Doc. 31) is **ADOPTED** as the opinion of the Court.

3. The Commissioner's decision is **AFFIRMED**.

4. The Clerk of the Court is directed to enter judgment in favor of the Commissioner and against Christopher Kenneth Doak and to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of September, 2022.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:
Counsel of Record